In the Matter of DONALD WEINREB, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 20, 1992

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Chris G. McDonough* of counsel), for petitioner.

*Stim & Warmuth (Joseph D. Stim* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with three

allegations of professional misconduct. The Special Referee sustained Charges One and Two but did not sustain Charge Three. The petitioner moves to confirm the report of the Special Referee insofar as it sustained Charges One and Two and to otherwise disaffirm the report. The respondent cross-moves to confirm the report as to Charge Three and to disaffirm the report as to Charges One and Two.

Charge One alleged that the respondent has engaged in an impermissible conflict of interest. In or about April 1984 Daniel Klein negotiated to sell property which he owned with his wife to Metric Resales, Inc. (hereinafter Metric), for $25,000 over the outstanding mortgage. During the negotiations, the president and principal of Metric, Larry Stoddard, recommended to Mr. Klein that he retain the respondent to represent him in the sale. The respondent was a personal friend of Mr. Stoddard and had previously represented him and Metric. Klein and Metric signed a contract of sale on April 2, 1984. By the terms of the contract, the selling price was $65,000, with the respondent to hold the $1,000 down payment by Metric in escrow until closing on May 1, 1984.

Metric was unable to close on May 1, 1984, due to an inability to secure the necessary funds. An adjournment of the closing date to June 5, 1984, was scheduled.

Klein advised the respondent, in or about late May 1984, that he wished to secure a second mortgage on his property rather than sell it. The respondent advised Klein that Metric would not allow Klein to cancel the contract.

In early June 1984, Stoddard advised the respondent that he was still unable to secure the necessary funding and would therefore be unable to close on June 5, 1984. The respondent failed to disclose to Klein that Stoddard wished to be excused from performance.

Prior to June 5, 1984, Metric assigned its interest in the contract to the respondent's son, who was sharing an office with his father and eventually became his law partner. The respondent never advised Klein of this assignment. At the closing on June 11, 1984, the respondent falsely explained to Klein that his son was present for the purpose of lending Metric the necessary funds.

Charge Two alleged that the respondent engaged in conduct involving fraud, deceit and misrepresentation in informing Klein that Michael Weinreb, his son, was present at the closing solely to lend Metric the funds necessary to close.

Michael Weinreb was, in fact, the purchaser and assignee of the rights of Metric under the contract.

Based on the evidence adduced at the hearing, we find that the Special Referee properly sustained Charges One and Two. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion is granted to the extent that the Special Referee's report sustaining those charges is confirmed and the cross motion is granted solely to the extent that the portion of the Special Referee's report which did not sustain Charge Three is confirmed. The motion and cross motions are otherwise denied.

In determining an appropriate measure of discipline to impose, we have considered that the respondent was censured by this court in 1984 for neglect, committing acts which constituted a conflict of interest, and failure to cooperate (*Matter of Weinreb*, 101 AD2d 353). Accordingly, the respondent is suspended from the practice of law for a period of two years commencing May 15, 1992, and continuing until the further order of this court.

MANGANO, P. J., THOMPSON, SULLIVAN, HARWOOD and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted to the extent that Charges One and Two are sustained, the respondent's cross motion is granted solely to the extent that Charge Three is not sustained and the motion and cross motion are otherwise denied; and it is further,

Ordered that the respondent Donald Weinreb is suspended from the practice of law for a period of two years, commencing May 15, 1992, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, should he be so advised, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Donald Weinreb is commanded to continue to

desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.